915 A.2d 63

DAVID KWIATKOWSKI, PLAINTIFF–APPELLANT, v. JOSEPH
GRUBER AND ANGELA GRUBER, DEFENDANTS/THIRD–
PARTY PLAINTIFFS/RESPONDENTS, v. HANS LANDSCAP-
ING, INC., THIRD–PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued January 9, 2007—Decided February 1, 2007.

Before Judges COBURN, AXELRAD and GILROY.

*Gerald J. Monahan,* argued the cause for appellant.

*Lisa M. Oropollo,* argued the cause for respondents (*David S. Springer,* attorney; *Ms. Oropollo,* on the brief).

The opinion of the court was delivered by

COBURN, P.J.A.D.

Pursuant to *Rule* 4:23–5(a)(1), plaintiff's personal injury complaint was dismissed without prejudice for failure to appear at a court-ordered medical examination to be conducted on behalf of defendants. Plaintiff immediately appealed. Because the order was not a final disposition of the case, we dismiss the appeal without prejudice. Plaintiff may apply to the trial court for reinstatement of his complaint after the parties follow certain procedures, which we hold are implicitly mandated by the cited rule.

The material facts may be briefly summarized as follows. Defendants scheduled a medical examination for plaintiff on November 16, 2005. The day before the scheduled examination, defense counsel sent a fax to plaintiff's counsel changing the examination date to November 18, 2005. Plaintiff's counsel informed defense counsel that plaintiff was unable to rearrange his schedule on such short notice. In December, defense counsel filed a motion to dismiss the complaint for plaintiff's failure to appear for the examination. On January 6, 2006, the trial court refused to dismiss the complaint but ordered plaintiff to appear for the examination on January 24. Plaintiff did not appear for the examination. Although plaintiff contended that he did not receive notice of the examination date, the trial court dismissed the complaint without prejudice. This appeal ensued.

*Rule* 4:23–5(a)(1) applies to demands for interrogatories (*R.* 4:17), demands for documents (*R.* 4:18–1), and demands for medical examinations (*R.* 4:19). Under *Rule* 4:23–5(c), a party is permitted to move for an order compelling discovery demanded "pursuant to *R.* 4:18 or *R.* 4:19" but not pursuant to *Rule* 4:17.

Defendant's first motion was treated as falling under *Rule* 4:23–5(c). When a party fails, as here, to comply with such an order, the aggrieved party "may apply for dismissal or suppression pursuant to subparagraph (a)(1)." *R.* 4:23–5(c). And that is precisely what defendants did. But the order they obtained, a dismissal without prejudice pursuant to subsection (a)(1), is not a final order and therefore may not be brought before this court on an appeal as of right.

The lack of finality of the order in question is demonstrated by this portion of subsection (a)(1):

> The delinquent party may move on notice for vacation of the dismissal or suppression order at any time before the entry of an order of dismissal or suppression with prejudice. The motion shall be supported by affidavit reciting that the discovery asserted to have been withheld has been fully and responsively provided . . . .
>
> [*R.* 4:23–5(a)(1) (emphasis added.)]

The underlined language is easily applied by the delinquent party without any cooperation from the other side when all that is required is responsive answers to interrogatories or production of documents. But when, as here, plaintiff must submit to a medical examination conducted for the adversary, the adversary's cooperation is obviously required. Therefore, the rule implicitly requires that in these circumstances plaintiff's counsel must ask defense counsel to schedule another medical examination and defense counsel must cooperate in a reasonable manner. After the examination has been promptly conducted, plaintiff may then move for reinstatement. That is the course that should have been followed here. Since the complaint was never dismissed with prejudice, *see R.* 4:23–5(a)(2), plaintiff shall forthwith notify defense counsel of plaintiff's willingness to be examined and the examination should be conducted promptly. After submitting to the examination, plaintiff may then apply to the trial court for reinstatement of his complaint pursuant to subsection 5(a)(1).

Appeal dismissed.