**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1947-17T1

LISA A. KATRAMADOS,
a/k/a LISA KATRAMADOS,

    Plaintiff-Appellant,

v.

FIRST TRANSIT, INC., NJ
TRANSIT, NJ TRANSIT ACCESS
LINK, and MAXI COSMEY,

    Defendants-Respondents,

and

THE PORT AUTHORITY
OF NEW YORK and NEW
JERSEY a/k/a THE PORT
AUTHORITY OF NY & NJ,
and STATE OF NEW JERSEY,

    Defendants.

_____

Submitted December 10, 2018 – Decided January 24, 2019

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6736-15.

Davis, Saperstein & Salomon, PC, attorneys for appellant (Lisa A. Lehrer, of counsel and on the brief).

Landman Corsi Ballaine & Ford, PC, attorneys for respondents (Gerald T. Ford and Lauren E. Van Driesen, on the brief).

PER CURIAM

Plaintiff Lisa A. Katramados alleged she was injured while riding a bus driven by defendant Maxi Cosmey and owned by defendants First Transit, Inc., New Jersey Transit and New Jersey Transit Access Link (collectively, NJ Transit).[1] Plaintiff filed a complaint claiming her injuries resulted from Cosmey's negligence and NJ Transit's failure to train its employees. What followed was plaintiff's abject failure to comply with discovery requests and submit to an independent medical examination (IME), and defendant's misunderstanding of our court rules designed to sanction plaintiff and compel the examination. Applying the incorrect court rule, the judge dismissed

---

[1] Defendants filed one answer and were represented by the same counsel. We refer to them in the singular throughout the balance of this opinion. The initial complaint also named the Port Authority of New York and New Jersey and the State of New Jersey as defendants. They were subsequently dismissed with prejudice from the litigation.

2

plaintiff's complaint with prejudice. Of necessity, we explain the tortured procedural history.

Within months of answering the complaint, defendant was required to file a motion to dismiss the complaint without prejudice pursuant to Rule 4:23-5(a)(1), or alternatively compel production, pursuant to Rule 4:23-5(c), because plaintiff failed to answer Form A interrogatories, supplemental interrogatories and a demand for documents. The judge entered an order compelling production within twenty days.

When plaintiff failed to fully respond, defendant moved to dismiss the complaint without prejudice pursuant to Rule 4:23-2(b)(3), which permits the judge to impose sanctions when a party fails to obey a court order. The record does not reveal the disposition of this motion, but, the litigation continued, and, in December 2017, defendant moved to compel plaintiff's deposition and extend discovery. The certification in support of the motion stated that defendant had noticed the deposition on four occasions, from July through November 2016; in each instance, plaintiff's counsel adjourned the deposition. The judge's December 16, 2016 order extended discovery and compelled plaintiff's deposition for a date certain in January 2017; by separate order, the judge compelled defendant's deposition for a date certain in February.

A-1947-17T1

In March 2017, defendant cross-moved to compel plaintiff's IME.[2] The supporting certification demonstrated plaintiff failed to appear on two earlier occasions. On March 31, 2017, a second judge, who assumed management of the case, entered an order compelling plaintiff's IME on May 11, 2017. The order did not provide the name of the physician performing the IME, or the time and location of the examination.[3]

On May 10, one day before the scheduled exam, defense counsel contacted plaintiff's counsel to confirm plaintiff's attendance. Plaintiff's counsel acknowledged receipt of the order, but advised the order was deficient and requested a new notice. Defense counsel immediately faxed the required information identifying the doctor, time, and place of the examination, but plaintiff's counsel advised her client would not attend due to lack of proper notice. Plaintiff failed to appear for the court-ordered IME on May 11.

Defendant then moved on short notice "to dismiss . . . [the] complaint with prejudice pursuant to [Rule] 4:23-2(b)(3) for failure to comply with the . . .

---

[2] The appellate record fails to provide plaintiff's motion, nor does it describe the nature of that motion.

[3] Defendant's two prior notices did provide the name and address of the doctor. Defense counsel's certification supporting the motion to compel the IME identified the doctor as defendant's expert.

A-1947-17T1

March . . . [o]rder," or alternatively, for a second order compelling attendance at the IME, and sanctions. In opposition, plaintiff's counsel acknowledged his client simply failed to appear for the first scheduled IME, but claimed that defendant provided inadequate notice for the second and third scheduled examinations. He stated that plaintiff was ready and willing to submit to the IME defendant now had scheduled and noticed for June 22, 2017. The judge's June 9, 2017 order compelled plaintiff's attendance for the scheduled IME, and specifically contained the date, place, and time for the examination. Although counsel confirmed plaintiff's attendance the day before, plaintiff failed to appear on June 22.

On June 30, defendant moved to dismiss the complaint with prejudice pursuant to Rule 4:23-2(b)(3) for plaintiff's failure to comply with the judge's June 9, 2017 order, and sanctions. In opposing the motion, plaintiff's counsel acknowledged sending his client multiple letters before the scheduled IME advising that her failure to attend the examination would result in dismissal of the complaint. Plaintiff's affidavit in opposition claimed she lacked any memory of the scheduled exam or her failure to attend. She blamed this on side effects she "was not aware of . . . until very recently" of medication she admitted taking since "last year."

A-1947-17T1

The judge heard oral argument on defendant's motion on August 2, 2017. He noted the impending close of discovery and that plaintiff had failed to appear for two court-ordered IMEs. He also stated that counsel notified plaintiff of the possible dismissal if she failed to appear. The judge's order (August order) dismissed the complaint with prejudice, and granted attorney's fees and costs, subject to a certification from defense counsel.

On August 21, 2017, plaintiff moved for reconsideration of the August order. Counsel's certification argued plaintiff's failure to appear for the IME was "neither 'deliberate' nor 'contumacious.'" Relying primarily on Tucci v. Tropicana Casino & Resort, Inc., 364 N.J. Super. 48 (App. Div. 2003), plaintiff asserted the ultimate sanction of dismissal with prejudice was unwarranted.[4] On October 27, 2017, the judge entered an order (October order) denying the motion for reconsideration.

Defendant moved in the interim for an award of $5719.55 in fees and costs. The motion went unopposed, and, on September 29, 2017, the judge entered an order awarding defendant the requested amount (sanctions order).

---

[4] Although the judge's order indicates there was oral argument of the motion for reconsideration, plaintiff did not supply any transcript. Trial court staff advised the Appellate Division's Clerk's Office that there were no recorded proceedings in this matter on October 27, 2017.

Plaintiff filed a motion for reconsideration of that order on October 25. The judge filed an order on December 11 (December order) with an accompanying written statement of reasons denying the reconsideration motion. Plaintiff filed this appeal on December 27, 2017.

Plaintiff appeals from the August and October orders, dismissing the complaint with prejudice and denying reconsideration, and the sanctions order and December order, awarding fees and costs and denying reconsideration. However, there is a procedural infirmity with the appeal.

Plaintiff filed the appeal within forty-five days of the December order, which bestowed finality on the litigation and made the appeal one as of right. However, the appeal was not filed within forty-five days of the October order, which, but for plaintiff's filing of a motion to reconsider the sanctions order two days earlier, would have made the appeal final for purposes of our review. Plaintiff might have obtained the benefit of Rule 2:4-3(e), which permits tolling of the forty-five day limit if a "timely" motion for reconsideration was filed with the trial court. "However, an untimely motion to reconsider does not" toll the time. Eastampton Ctr., LLC v. Planning Bd. of Twp. of Eastampton, 354 N.J. Super. 171, 187 (App. Div. 2002).

A-1947-17T1

Rule 4:49-2 requires a party to serve a motion for reconsideration of an order within twenty days of "service of the . . . order upon all parties by the party obtaining it." Neither the parties nor the judge may enlarge the time limit. R. 1:3-4(c).

Here, the record does not disclose when defendant served plaintiff with the sanctions order, and plaintiff's counsel's certification seeking reconsideration of the unopposed order failed to state when it was received. However, it seems unlikely that the reconsideration motion, filed October 25, 2017, twenty-six days after the filing of the sanctions order, was timely. The result is that plaintiff's forty-five-day limit to appeal the August order, the sanctions order and October order expired on December 11, 2017. The appeal as to all but the December order is therefore untimely.

Because defendant never raised the issue of timeliness, and because the record is less than clear, we nonetheless consider plaintiff's arguments. She contends for the first time that the judge erred by dismissing her complaint with prejudice because defendant failed to follow the "two-step" procedure required by Rule 4:23-5. She also contends that dismissal with prejudice was harsh and unjust because lesser sanctions were available and defendant suffered no

"irremediable prejudice." Lastly, plaintiff argues the award of fees was excessive under the circumstances. We affirm.

Our review of a trial court's discovery order is limited, and we will defer to the judge's rulings "absent an abuse of discretion or a . . . misunderstanding or misapplication of the law." Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017) (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). Because dismissal with prejudice is a "drastic remedy," courts should use it "sparingly" where the violation of our court rules evinces deliberate disregard of the court's authority and the non-offending party suffers prejudice. Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115-16 (2005) (quoting Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568, 575 (2003)).

Here, there was a clear misapplication of our court rules. Dismissing a case with prejudice is an option under both Rule 4:23-5 and Rule 4:23-2. Rule 4:23-5 allows for an order dismissing the pleading of a party who fails to comply with a discovery demand made pursuant to Rule 4:17 (interrogatories), Rule 4:18 (production of documents), or Rule 4:19 (IMEs).

Rule 4:19 states, "[t]he court may, on motion pursuant to R[ule] 4:23-5, either compel the discovery or dismiss the pleading of a party who fails to submit

to the examination." (Emphasis added). Rule 4:23-5 creates a well-known two-step process that works as a procedural safeguard for delinquent parties and must be satisfied before a motion to dismiss with prejudice can be entered for discovery violations involving interrogatories, the production of documents and IMEs. R. 4:23-5; Thabo v. Z Transp., 452 N.J. Super. 359, 369 (App. Div. 2017).

Step one is dismissal without prejudice. R. 4:23-5(a)(1). The delinquent party then has sixty days to cure and move to reinstate the pleading. R. 4:23-5(a)(2). If it does not, the non-delinquent party may seek dismissal with prejudice. R. 4:23-5(a)(2). As an alternative to either motion, the non-delinquent party may "move for an order compelling discovery demanded pursuant to . . . R[ule] 4:19." R. 4:23-5(c). If the delinquent party fails to comply with an order compelling the discovery, the party seeking the discovery may move to dismiss without prejudice under Rule 4:23-5(a)(1). R. 4:23-5(c); see Kwiatkowski v. Gruber, 390 N.J. Super. 235, 236-37 (App. Div. 2007) (describing this procedure as applied to the failure to attend an IME). When it comes to the listed modes of discovery, Rule 4:23-5 must "be scrupulously followed and technically complied with." Thabo, 452 N.J. Super. at 369.

A-1947-17T1

It is obvious that defendant did not follow the appropriate procedure required by Rule 4:23-5. After obtaining an order compelling plaintiff's IME, and after plaintiff failed to appear, defendant did not move for dismissal without prejudice pursuant to Rule 4:23-5(a)(1), but rather sought dismissal with prejudice "pursuant to R[ule] 4:23-2(b)(3) for failure to comply with the . . . [o]rder," or alternatively, for a second order compelling attendance at the IME. After obtaining a second order compelling the IME, defendant again failed to follow the proper procedure under Rule 4:23-5(a)(1) and (c), and again sought dismissal with prejudice pursuant to Rule 4:23-2(b)(3).

We might otherwise be inclined to reverse and remand the matter based upon defendant's errors. However, as noted, plaintiff never objected to the procedure defendant employed or the applicability of Rule 4:23-2 to the issue at hand. Instead, plaintiff argued that the first court order was deficient as to proper notification of time and place, and her violation of the second court order was not willful. Plaintiff never denied knowledge of the court-ordered IMEs. Had plaintiff raised the procedural objection earlier, the judge would have been in position to cure the error before the first court-ordered IME.

It is well-accepted that "[a]ppellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity

11

for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). The argument plaintiff now raises challenges neither the court's jurisdiction nor involves anything other than a private dispute.

We have in other circumstances refused to grant relief to a delinquent party, even though there was a lack of compliance with Rule 4:23-5, when the appellant never raised the argument in the trial court and the "underlying purpose of the two-tiered structure of [the Rule] was met . . . ." Universal Folding Box Co., Inc. v. Hoboken City, 351 N.J. Super. 227, 233-35 (App. Div. 2002). Here, plaintiff admittedly had actual notice of all scheduled IMEs, including two court-ordered IMEs. Her attorney's statements reveal he was well aware of the potential for dismissal if his client failed to appear for the second court-ordered IME and told plaintiff of the possible consequences. Plaintiff's repeated allegations of technical deficiencies in those notices were disingenuous at best, and typical of litigation gamesmanship, which a court should never countenance. Plaintiff's alleged medical reasons for missing the final IME were completely unsupported by any medical evidence.

We also reject plaintiff's argument that dismissal of her complaint with prejudice was an excessive sanction unwarranted by her conduct. We described the history of discovery in detail because it demonstrates how a relatively simple negligence case can turn into a litigation nightmare that taxes judicial resources beyond what is necessary and required for a just determination of the merits of the complaint. Such delays occasioned by a party's conduct result in inherent prejudice to the opposing party. Plaintiff's history of noncompliance justifies the ultimate sanction of dismissal with prejudice. See, e.g., Fik-Rymarkiewicz v. Univ. of Med. & Dentistry of N.J., 430 N.J. Super. 469, 482-83 (App. Div. 2013) (holding that "under the totality of the circumstances . . . the sanctions imposed [including dismissal with prejudice] were not unjust or unreasonable"); Glass v. Suburban Restoration Co., 317 N.J. Super. 574, 578-80 (App. Div. 1998) (upholding dismissal with prejudice when the defendant failed to comply with multiple orders over a three-year discovery period).

Lastly, plaintiff's argument regarding the fee award lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Plaintiff never filed opposition to defense counsel's certification of fees and costs. The motion for reconsideration of the September fee award lacked any merit whatsoever and was properly denied by the judge.

A-1947-17T1

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1947-17T1