**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4154-16T1

RICHARD A. VOLL,

     Plaintiff-Appellant,

v.

GRANT THORNTON, LLP, DEAN
JORGENSEN, MARK STUTMAN,
JOHN MICHEL, and LOMMEN,
ABDO, COLE, KING & STAGEBERG, PA,

     Defendants-Respondents.

_____

> Submitted September 13, 2018 – Decided March 28, 2019
>
> Before Judges Fuentes, Accurso and Vernoia.
>
> On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-019649-14.
>
> Stephen R. Bosin, attorney for appellant.
>
> Alston & Bird, LLP, attorneys for respondents Grant Thornton, LLP, Dean Jorgensen, Mark Stutman, and John Michel (Steven L. Penaro, on the brief).

Goldberg Segalla, LLP, attorneys for respondents Lommen, Abdo, Cole, King & Stageberg, PA (Matthew S. Marrone, on the brief).

PER CURIAM

This is the second time this case is before this court. Relying on the Supreme Court's holding in <u>Silviera-Francisco v. Board of Education of City of Elizabeth</u>, 224 N.J. 126, 136 (2016), we dismissed the first appeal sua sponte as interlocutory, because the order of the Law Division plaintiff identified in the notice of appeal only dismissed plaintiff's cause of action against three of the five defendants named in the complaint. <u>Voll v. Grant Thornton, LLP</u>, No. A-0500-15 (App. Div. Jan. 5, 2017). We incorporate by reference the procedural history we described therein. <u>Id.</u> at 2-5.

On March 27, 2017, plaintiff filed a motion pursuant to <u>Rule</u> 4:50-1 to correct the August 25, 2015 judgment and reinstate counts three (breach of contract) and four (fraud in the inducement) of the first amended complaint. On April 19, 2017, the Law Division denied plaintiff's motion. The motion judge provided the following explanation in support of his ruling:

> In the instant matter, [p]laintiff is moving to reinstate his Counts 3 and 4 against Grant Thornton. However, this [c]ourt already dismissed the case against Grant Thornton with prejudice in an Order dated August 25, 2015. The [c]ourt handwrote a notation stating "Complaint dismissed with prejudice as to Grant

2

Thornton." [Lommen, PA] had previously been dismissed without prejudice, but never moved to vacate that dismissal pursuant to R. 4:23-5(a)(1). Furthermore, Counts 3 and 4 of [p]laintiff's complaint remain dismissed for the reasons previously stated in this [c]ourt's Opinion attached to the Order dated August 25, 2015.

It is unclear from this record why the motion judge cited the discovery sanction available under Rule 4:23-5(a)(1) as the legal basis for dismissing without prejudice the claims involving Lommen, P.A. because: (1) Lommen, PA and plaintiff have not participated in any discovery; and (2) plaintiff's claims against Lommen, PA were administratively dismissed without prejudice pursuant to Rule 1:13-7 for lack of prosecution. Accordingly, the status of plaintiff's case at the time he filed this appeal is as follows: (1) plaintiff voluntarily dismissed all claims against defendant Jorgenson; the Law Division also dismissed all claims against Jorgenson with prejudice; (2) all claims against defendant Stutman were dismissed with prejudice; (3) plaintiff voluntarily dismissed all claims against defendant Michel; the Law Division also dismissed all claims against Michel with prejudice; (4) the Law Division dismissed with prejudice all claims against Grant Thornton, LLP; and (5) all claims against defendant Lommen, PA, were administratively dismissed without prejudice pursuant to Rule 1:13-7.

In the June 1, 2017 notice of appeal we review here, plaintiff indicated he is appealing from the judgment entered by the Law Division on April 19, 2017. The civil case information statement plaintiff filed pursuant to Rule 2:5-1(e)(3)(i), contains a series of questions that plaintiff must answer truthfully, accurately, and completely. One of these questions asked plaintiff: "Were any claims dismissed without prejudice?" Plaintiff answered: "No."

An order dismissing a party's pleading without prejudice as a discovery sanction pursuant to Rule 4:23-5(a)(1) is not a final order subject to appellate review as of right under Rule 2:2-3(a)(1). See Thabo v. Z Transp., 452 N.J. Super. 359, 369-72 (App. Div. 2017) (explaining the procedural safeguards codified in Rule 4:23-5); see also Kwiatkowski v. Gruber, 390 N.J. Super. 235, 237 (App. Div. 2007). An order from the trial court is considered final for appellate review:

> if it disposes of all issues as to all parties. Thus, in a multi-party, multi-issue case, an order granting summary judgment, dismissing all claims against one of several defendants, is not a final order subject to appeal as of right until all claims against the remaining defendants have been resolved by motion or entry of a judgment following a trial.
>
> [Silviera-Francisco, 224 N.J. at 136 (citations omitted).]

4

In our decision dismissing plaintiff's first appeal, this court explained that an order dismissing the claims against Lommen, PA without prejudice does not constitute a final resolution of those claims. The April 19, 2017 order is not a final order ripe for appellate review as of right because the claims against Lommen, PA were only dismissed without prejudice.

Appeal dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION