**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0393-23

JEAN-PHILIPPE DIERO,

     Plaintiff-Appellant,

v.

ERIC S. KIM (Driver and owner
of car), SELENA SOTO (Driver
of car), DANIEL C. SOTO (In his
capacity as owner of the car), [1]

     Defendants-Respondents.

_____

Submitted January 14, 2025 – Decided January 23, 2025

Before Judges Smith, Chase and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1178-22.

Rotimi A. Owoh, attorney for appellant.

Law Office of Michael G. David, attorneys for respondent Eric Kim (Michal A. Brown, on the brief).

---

[1] Improperly pled below as Eric Kim, Selena Seto and Daniel C. Seto.

Gerolamo, McNulty, Divis, Lewbart & Fox, attorneys for respondents Selena Soto and Daniel C. Soto (John A. Dougherty, on the brief).

PER CURIAM

Plaintiff Jean-Phillipe Diero appeals from the orders dismissing his personal injury claim for failure to comply with the treating physician permanency certification requirements of N.J.S.A. 39:6A-8(a).  We affirm.

I.

On November 2, 2021, a three-car accident occurred between plaintiff, defendant Selena Seto, and defendant Eric Kim.  Kim was traveling southbound on Clarksville Road while Seto was traveling northbound.  Plaintiff attempted a left turn from Everett Road onto Clarksville Road and entered the northbound lane of traffic resulting in a collision with Seto.  Seto's vehicle was pushed into oncoming traffic and struck Kim's vehicle.  The vehicle operated by Selena Seto was owned by Daniel Seto.

In July 2022, plaintiff filed a complaint for personal injuries and property damage arising out of the accident.  Kim immediately served plaintiffs with a Demand for Form A Interrogatories, Supplemental Interrogatories, a Notice to Produce and Requests for Admissions.  At the beginning of August, Kim filed

an answer containing a demand for answers to interrogatories, a demand for production of documents, and a notice in lieu of subpoena.

In November 2022, the Setos filed a motion to dismiss plaintiff's complaint without prejudice for failure to produce a certificate of permanency and estimates of damages to plaintiff's vehicle. Kim also filed a motion to dismiss. Plaintiff filed a cross motion to compel discovery from defendants. While the motion to dismiss was still pending, the Setos filed a motion to compel plaintiff's discovery responses. In May 2023, the court heard the motions and entered an order compelling plaintiff to produce a certificate of permanency on or before June 7, 2023, as well as provide property damage estimates. The court partially granted plaintiff's motion.

When plaintiff failed to comply with the May order, all defendants moved for a second time to dismiss plaintiff's complaint without prejudice. The motion was granted in June 2023. After sixty days expired with no production of the certificate of permanency nor damage estimates, both defendants moved to dismiss plaintiff's complaint with prejudice.

On October 5, 2023, following a hearing, the court dismissed the matter with prejudice for failure to comply with the May 2023 order, failure to provide a Physician's Certification of Permanency as required by N.J.S.A. 39:6A-8(a),

A-0393-23

failure to provide property damage estimates, and failure to produce plaintiff at a deposition. The court noted that its May order had not been complied with as of the date of the hearing, which was fifteen months after the lawsuit was filed.[2]

This appeal follows.

## II.

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion, a standard that cautions appellate courts not to interfere unless [an injustice has been] done." Abtrax Pharms, Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995) (citing Allegro v. Afton Village Corp., 9 N.J. 156, 158, 161 (1952)). Further, our court has "recognize[d] that 'there is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order.'" Id. at 517-18 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976)). Dismissal is not an abuse of discretion where the trial court, "find[s] deliberate and contumacious conduct and [ ]

---

[2] After plaintiff appealed, he filed a motion for a temporary remand, attaching a certificate of permanency dated November 2023. His motion was denied by this court.

A-0393-23

conclud[es] that the extreme sanction of dismissal was appropriate . . . ." Id. at 520.

III.

Plaintiff contends on appeal that dismissing the lawsuit with prejudice was unfair since he was attempting to obtain the certificate of permanency. Plaintiff further argues that he "cannot force his medical care providers to issue a certificate of permanency." Plaintiff also posits that a certificate of permanency was not necessary for economic claims and the trial court erred by not stating its reasons for dismissing his economic claims. We are not persuaded.

The Automobile Insurance Cost Reduction Act (AICRA) permits claims for non-economic loss only where the injured party "has sustained a bodily injury which results in . . . a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." N.J.S.A. 39:6A-8(a). To overcome this limitation on lawsuits, or verbal threshold, "the injury [must] be proven by objective credible [medical] evidence." Serrano v. Serrano, 183 N.J. 508, 514 (2005).

AICRA requires a plaintiff to provide, within sixty days of the answer to the complaint, "a certification from the licensed treating physician or a board-certified licensed physician to whom the plaintiff was referred by the treating

5

physician" which states the plaintiff's injury is permanent and is "based on and refer[s] to objective clinical evidence . . . ." N.J.S.A. 39:6A-8(a). This focus on objective evidence prevents lawsuits based only on a plaintiff's subjective reports from proceeding. "Those rigorous standards . . . were intended to ensure that only honest and reliable medical evidence and testing procedures would be introduced to prove that an injury meets the threshold." DiProspero v. Penn, 183 N.J. 477, 489 (2005). The law permits a court to "grant no more than one additional period not to exceed [sixty] days to file the certification pursuant to this subsection upon a finding of good cause." N.J.S.A. 39:6A-8(a).

"[A] plaintiff who fails to file a timely certification is subject to an array of sanctions that include reimbursing the defendant with reasonable attorney's expenses or dismissal of the complaint." DiProspero, 183 N.J. at 489. In determining the appropriate remedy for a failure to file a timely certification, courts make a discretionary determination "to choose a response that is proportionate to the procedural stimulus" after considering "the facts, including the willfulness of the violation, the ability of plaintiff to produce the certification, the proximity of trial, and prejudice to the adversary . . . ." Casinelli v. Manglapus, 181 N.J. 354, 365 (2004).

6

While motions to dismiss with prejudice are rarely granted, "a party invites this extreme sanction by deliberately pursuing a course that thwarts persistent efforts to obtain the necessary facts." Abtrax Pharm., Inc., 139 N.J. at 515. Failure to comply with discovery deadlines "represents one of the paramount causes for trial delay" and such "[a]n unreasonable delay in bringing a matter to trial is one of the foremost causes of injustice." Crews v. Garmoney, 141 N.J. Super. 93, 95-96 (App. Div. 1976). "Rule 4:23–5(a)(1) applies to demands for interrogatories (R. 4:17), demands for documents (R. 4:18–1), and demands for medical examinations (R. 4:19)." Kwiatkowski v. Gruber, 390 N.J. Super. 235, 236 (App. Div. 2007).

If a delinquent party fails to cure its discovery defalcations and thereby restore a complaint that was dismissed without prejudice under Rule 4:23-5(a)(1), then the aggrieved party may move to the second and final step of the process. That is, "if the delinquent party does not cure the discovery delinquency, 'the party entitled to the discovery may, after the expiration of [sixty] days from the date of the order, move on notice for an order of dismissal . . . with prejudice.'" Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (App. Div. 2008) (omission in original) (quoting R. 4:23-5(a)(2)).

A-0393-23

In terms of the required discovery, the court found that the Seto defendants were not delinquent. Moreover, the court determined the certification of permanency was due in May 2022 and, "[t]he Court in the exercise of great indulgence allowed extensions of that timeframe and ultimately resulted in the May 3rd orders, requiring that putting the plaintiff on notice that this had to be provided by June 7th, 2023." The court listed plaintiff's infractions as it made findings:

> A failure to respond to document requests, which includes the certification of permanency. Damages estimate as well as the failure to produce the plaintiff at deposition. The bottom line is that there's been no exceptional circumstances set forth to explain why. I mean there's been explanations, but not justification. Nothing that this Court finds to be exceptional circumstances as to why a certification of permanency has not been provided. Basically, the argument is it can't be provided or it can't be provided at this juncture. It has to be provided in [plaintiff]'s suit. And it's not been provided despite numerous extensions and continued non-compliance with this Court's order of May 3rd. The grounds are even augmented, especially for the Kim[] defendants because they have additional discovery dealing with discovery that still has not been provided.

We recognize that dismissal of a complaint is a harsh remedy, yet the policy considerations driving the enforcement of AICRA and its minimal requirement of a treating doctor certification support the conclusions reached by

A-0393-23

the motion court. On various occasions, the court attempted to have plaintiff comply with both the statutorily mandated certification and other discovery requests. Here, not only did plaintiff fail to obtain a certificate of permanency as required, but he also failed to comply with the other discovery deadlines imposed on him. Despite this failure to comply with the statutory time limitations of N.J.S.A. 39:6A-8(a), plaintiff's case was not dismissed until after he obtained over a year of additional time to comply. Under these circumstances, the trial court was well within its discretion to dismiss the matter with prejudice.

To the extent we have not specifically addressed any other contentions raised by defendants, they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-0393-23