**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0936-24

DIANE YANNI,

     Plaintiff-Appellant,

v.

PROPERTY PEOPLE 365, LLC
and JAMES TAYLOR,

     Defendants-Respondents.

_____

Submitted November 18, 2025 – Decided December 5, 2025

Before Judges Gilson and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Salem County, Docket No. C-000006-23.

Wayne Powell, attorney for appellant.

Peter Neely Milligan, attorney for respondents.

PER CURIAM

    Plaintiff Diane Yanni appeals from the November 8, 2024 trial court order

granting defendants Property People 365, LLC, (People 365) and James Taylor's

motion to dismiss her complaint with prejudice under Rule 4:23-5(a)(2). Having reviewed the record, parties' arguments, and applicable law, we reverse and remand for further proceedings.

I.

To give context to the issues presented on appeal, we summarize the facts and procedural history from the record. On May 22, 2023, plaintiff filed a one-count verified complaint alleging defendants fraudulently transferred two properties in Vineland. She also filed an order to show cause (OTSC), seeking to restrain defendants from encumbering or transferring the properties. Plaintiff claimed she solely owned the properties and operated "a retail automobile sales business . . . identified as Car Corner[,] Inc." Plaintiff operated the business after a divorce from her husband, Borys Palatajko in 2004. After Palatajko's death in 2017, plaintiff allegedly inherited the properties and car business.

Plaintiff claimed James Taylor was the sole shareholder of People 365 and that in 2022 he offered to purchase the car "business and the associated real property." Because the car business was suffering financial losses, plaintiff was receptive to defendants' purchase offer. She allegedly entered a purchase agreement with Taylor valuing the properties at $650,000 and limiting his interest to only the real estate. Plaintiff further alleged that Taylor "falsely

2

claimed" that to secure financing he had to obtain a quitclaim deed in favor of "People 365[,] which he would not file but would use to demonstrate that the property was . . . secure[] under his control."  Plaintiff executed the purchase agreement documents and defendants facilitated the transfer, including a quitclaim deed that was "executed on May 26, 2022" and filed with the Cumberland County Clerk's office "on June 2, 2022."  Taylor prepared "[a]ll of the . . . documents associated with the transfer of the property."

On December 17, 2023, defendants filed an answer and later opposed plaintiff's OTSC.  Taylor certified that plaintiff was "a sophisticated businessperson," was his "business partner," and they had conducted business deals in the past.  He asserted the parties entered into a joint venture agreement in May 2022, and plaintiff agreed to "quitclaim the premises into [his] name.  In exchange, [Taylor] would invest monies into the premises to remediate its dilapidated condition, try to save it from tax sale foreclosure, and split the proceeds after the sale with" plaintiff.  The joint venture agreement executed by plaintiff was notarized.  After the parties entered the agreement, Taylor allegedly spent $64,825 to develop the property, expending "significant sums – paying for utilities, taxes, renovations," and more "pursuant to [the] agreement."  Thus, defendants alleged plaintiff's claim was frivolous.

3

On December 19, 2023, the court held a case management conference and ordered plaintiff to file a lis pendens and set discovery deadlines. The parties were required to propound written discovery within thirty days and to provide discovery responses thirty days thereafter. The court also ordered the parties to complete depositions within ninety days.

On February 12, 2024, defendants moved pursuant to Rule 4:23-5(a) to dismiss plaintiff's complaint without prejudice for failing to answer interrogatories and document requests in accordance with the December 2023 case management order. On March 1, 2024, the court granted defendants' unopposed motion and dismissed plaintiff's complaint without prejudice, allowing her thirty days to respond to the discovery requests.

On April 8, plaintiff moved to reinstate her complaint to the active trial list and thereafter defendants cross-moved to dismiss the complaint with prejudice. On April 26, the court granted plaintiff's motion, ordering her to pay the applicable complaint restoration fee and serve outstanding discovery responses within fourteen days. Defendants' motion was denied.

On or about June 19, defendants served an inspection demand on plaintiff for her electronic devices, including her cell phone and laptop. Defendants requested a review of plaintiff's communications with defendants, her children,

4

and various other people and entities that she may have communicated with regarding the property or any other real property that was previously titled to her husband alone. The inspection demand had no limiting time parameters and failed to "specify a reasonable time, place, and manner of making the inspection and performing the related acts." R. 4:18-1(b)(1).

On June 24, the court held a case management conference and ordered that plaintiff's attorney was to "provide the docket numbers of any family division matter and [p]robate matter within two . . . weeks." Plaintiff's attorney failed to timely serve the information.

On July 9, defendants moved to enforce litigant's rights because plaintiff failed to provide discovery. Defendants requested an order dismissing plaintiff's complaint with prejudice and, in the alternative, requested she pay a sanction "in the amount of $9,050" as well as defendants' costs and expenses for filing the motion. Defendants' motion cited Rule 4:23-2. On August 2, after finding plaintiff had violated defendants' litigant's rights, the court ordered plaintiff's complaint dismissed without prejudice and awarded defendants a $2,500 sanction against plaintiff. On August 16, 2024, the court denied defendant's

5

motion to dismiss with prejudice, finding "[sixty] days from [the] date of dismissal without prejudice" had not passed.[1]

On October 1, defendants moved to dismiss plaintiff's complaint with prejudice for failing to provide discovery "under R[ule] 4:23-5([a])(1)." Defendants argued a dismissal with prejudice was warranted based on plaintiff's failure to complete the following: serve fully responsive discovery responses; pay the court ordered sanction; respond to defendants' demand to inspect her electronic devices; and "produce a certificate of completeness."

Defendants' attorney's certification lacked a Rule 1:6-2(c) statement that he "personally conferred orally or has made a specifically described good faith attempt to confer orally with the attorney for the opposing party in order to resolve the issues" or that he "advised the attorney for the opposing party by letter, . . . that continued non-compliance with a discovery obligation will result in an appropriate motion." Instead, he certified that "counsel for" plaintiff "makes a joke of the process." On October 23, plaintiff cross-moved to reinstate her complaint and opposed dismissal of her complaint under Rule 4:23-5.

---

[1] While the court's oral decision references its August 16 order denying defendants' motion to dismiss with prejudice, the parties have not provided the order on appeal.

6

Plaintiff's attorney certified that plaintiff had served defendants with more specific answers to interrogatories and could not provide further documents because "[d]efendant[s] . . . orchestrated the destruction of the records, which were contained at . . . [p]laintiff['s] place of business, which is the subject of this litigation." Regarding plaintiff's outstanding family and probate docket numbers, plaintiff's attorney certified she did not have the information.

On November 4, defendants' attorney replied, alleging malfeasance by plaintiff's attorney throughout the litigation. Defendants' attorney's submission was replete with allegations regarding plaintiff's attorney's "lack of skill and professionalism" and accused the court of permitting the behavior "without consequence." Further, defendants' attorney threatened that "[a]n ethics complaint for [plaintiff's attorney's] bizarre behavior awaits [him] at the conclusion of this matter for [his] conduct." Regarding plaintiff's likely lack of knowledge regarding the case's procedural history, defendants' attorney stated:

> [Plaintiff] is most likely unaware that her complaint has been dismissed twice, and her answer in Law Division [had been] struck.
>
> . . . .
>
> It is unimaginable that [plaintiff] understands that she has been financially sanctioned twice and that her attorney has allowed her lawsuit to be twice dismissed. [Plaintiff's attorney] has a reputation for not

7

communicating with his clients. [Plaintiff] should be compelled by the court <u>to appear and hear</u> how her attorney has been failing her.

On November 7, plaintiff's attorney submitted a certification that he went to the Cape May County Surrogate's Office and obtained the docket number for plaintiff's deceased husband's estate. He asserted that the two docket numbers were sent to defendants' attorney that morning.

On November 8, after argument, the court granted defendants' motion to dismiss with prejudice under <u>Rule</u> 4:23-5(a)(2) and denied plaintiff's motion to reinstate. After noting the matter was a "highly contentious litigation," the court briefly heard argument. After plaintiff's attorney made negative remarks about defendants' attorney, the court stopped the hearing and stated, "I[ am] going to put something on the record with regard to the motions and I[ am] not going to tolerate the personal barbs. The two of you should be ashamed of each other." The court stated, "you have both violated your obligation to treat each other fairly under the [Rules of Professional Conduct]. I am done listening to you."

The court terminated the argument, stating in pertinent part:

> I have never seen such bad personal attacks and snarky comments about the [c]ourt's inability to know what the rule is. I'm not going to tolerate it anymore. I will put something on the record. If you [would] like to know what I say out loud for appellate purposes feel free to get a copy of it, but I am not going to tolerate this on

A-0936-24

> the record anymore. I am done. I will execute whatever
> orders are necessary. If you would like to know what I
> say get a copy of the transcript. Goodbye, [g]entlemen.

The court further elaborated that "[t]heir behavior [wa]s not keeping with what is required of the professionalism that a [c]ourt would expect from two attorneys that have been admitted for quite some time over a case which has been pending well in excess of a year."

The court then provided a recitation of the matter's procedural history, noting plaintiff's dilatory actions in serving discovery and defendants' voluminous discovery requests. The court recalled its August 2, 2024 order that dismissed plaintiff's pleadings without prejudice. Further, the court referenced its August 16 order denying defendants' motion to dismiss with prejudice because it had not been sixty days from the dismissal. The court did not address that its August 2 order was under <u>Rule</u> 4:23-2, asserting only that it sanctioned plaintiff's attorney under the <u>Rule</u>. The court found plaintiff's attorney had failed to comply with <u>Rule</u> 4:23-5(a)(2)'s requirements because he failed to submit an affidavit to the court addressing that he had properly served plaintiff with the prior dismissal order without prejudice, Appendix II-A notice form, and Appendix II-B notice form. Nevertheless, the court dismissed the case with prejudice because it had been "pending since May of 2023" and "there were

A-0936-24

[unanswered] discovery requests." The court determined plaintiff's "discovery violations [led] . . . to the inexorable conclusion" that defendants should be granted a dismissal with prejudice.

On appeal, plaintiff contends the court's order dismissing her complaint with prejudice must be reversed and vacated because: she substantially complied with the rules of discovery; she certified that prior to return date of the motions she provided all the discovery in her possession; she had moved to reinstate the complaint; and the order was entered in violation of Rule 4:23-5(a)(2)'s mandatory notification requirements.[2]

## II.

We review a trial court's decision to reinstate or dismiss a complaint under an abuse of discretion standard. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 487 (App. Div. 2008); Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995). "The trial court is deemed to have abused its discretion when the 'decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible

---

[2] We note plaintiff's merits brief mentions the trial court's companion order denying her motion to reinstate was entered on the same day, but she has not appealed that order. Plaintiff's case information statement lists only "the trial court's order dismissing . . . [p]laintiff's [c]omplaint with prejudice for failure to make discovery," as does her merits brief. R. 2:6-2(a)(2).

A-0936-24

basis.'" Thabo v. Z Transp., 452 N.J. Super. 359, 368 (App. Div. 2017) (quoting United States v. Scurry, 193 N.J. 492, 504 (2008)).

Dismissal under Rule 4:23-5 is a two-step process that must be strictly adhered to before a court may grant a motion to dismiss with prejudice for failure to fulfill a discovery obligation. Thabo, 452 N.J. Super. at 369. In reviewing a trial court's dismissal of a complaint pursuant to Rule 4:23-5, we consider whether the "procedural requirements" have been "scrupulously followed and technically complied with." Ibid.

Rule 4:23-5(a)(1) permits an "aggrieved party [to] move for dismissal" without prejudice for a delinquent party's "non-compliance with discovery obligations." St. James AME Dev. Corp., 403 N.J. Super. at 484. With the motion, the movant's attorney must submit a certification that he or she has "personally conferred orally or has made a specifically described good faith attempt to confer orally with the attorney for the opposing party in order to resolve the issues raised by the motion." R. 1:6-2(c). It is recognized that "Rule 4:23-5(a)(1) applies to demands for interrogatories (R. 4:17), demands for documents (R. 4:18-1), and demands for medical examinations (R. 4:19)." Kwiatkowski v. Gruber, 390 N.J. Super. 235, 236 (App. Div. 2007).

11

If the motion to dismiss plaintiff's complaint without prejudice is granted, Rule 4:23-5(a)(1) provides that:

> Upon being served with the order of dismissal or suppression without prejudice, counsel for the delinquent party shall forthwith serve a copy of the order on the client by regular and certified mail, return receipt requested, accompanied by a notice in the form prescribed by Appendix II-A of these rules, specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore.

The Appendix II-A notice form requires that the delinquent party's attorney attach the court's dismissal order without prejudice and include a notice that the pleading may "forever" remain dismissed if outstanding discovery is not provided, a motion to vacate is not granted, and the applicable restoration fee is not paid. Notice to Client, Pressler & Verniero, Current N.J. Court Rules, Appendix II-A to R. 4:23-5(a)(1), www.gannlaw.com (2025).

After a trial court dismisses a complaint without prejudice for failure to make discovery, the moving party may pursue the second step under Rule 4:23-5(a)(2) and seek a dismissal with prejudice. If the delinquent party has not cured the discovery deficiency, the party entitled to discovery may file a motion to dismiss the complaint with prejudice "after the expiration of [sixty] days from the date of the order" of dismissal without prejudice. Sullivan v. Coverings &

12

Installation, Inc., 403 N.J. Super. 86, 93 (App. Div. 2008) (quoting R. 4:23-5(a)(2)). The delinquent party may move to restore the complaint at any time prior to dismissal with prejudice if the discovery deficiencies are cured, the restoration fee is paid, and any other court-imposed conditions are addressed. Id. at 94 (citing R. 4:23-5(a)(2)).

Before the trial court may grant a motion to dismiss with prejudice for the failure to make discovery, Rule 4:23-5(a)(2) requires that "[t]he attorney for the delinquent party shall, not later than [seven] days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1)." Further, the attorney for the delinquent party must also demonstrate the client "has been served with an additional notification, in the form prescribed by Appendix II-B of the pendency of the motion to dismiss or suppress with prejudice." R. 4:23-5(a)(2). The Appendix II-B notice form provides that the attorney must inform the delinquent party of the motion to dismiss' return date, court assigned to hear the motion, and location of the motion hearing. The notice form advises the delinquent party of the "right to appear before the court" and that "[i]f this motion is granted, your claim will be dismissed and may not be subject to restoration."

A-0936-24

"If the attorney for the delinquent party fails to timely serve the client with the original order of dismissal" and "fails to file and serve the affidavit and the notifications required[,]" then "the court shall, unless exceptional circumstances are demonstrated, proceed by [OTSC] or take such other appropriate actions as may be necessary to obtain compliance with the requirements of this rule." R. 4:23-5(a)(3). "[B]ecause dismissal with prejudice is 'the ultimate sanction,' it should be imposed 'only sparingly' and 'normally . . . ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party.'" Salazar v. MKGC + Design, 458 N.J. Super. 551, 561-62 (App. Div. 2019) (quoting Robertet Flavors, Inc. v. Tri-Form Const. Inc., 203 N.J. 252, 274 (2010)).

## III.

At the outset, we do not condone plaintiff's dilatory pace in prosecuting her action or her failure to timely respond to defendants' discovery demands. Further, the attorneys' unprofessional conduct was a disservice to the litigants and the court.

We next address plaintiff's contention that the court erred in dismissing her complaint with prejudice under Rule 4:23-5, because she was not afforded the required procedural safeguards. She specifically challenges the court's

14

failure to comply with <u>Rule</u> 4:23-5(a)(2)'s strict notice requirements because plaintiff's attorney never filed an affidavit establishing that he served her with an order dismissing her complaint without prejudice under the <u>Rule</u> and the Appendix II-A and II-B notice forms. Plaintiff argues the court "was obligated . . . to proceed by way of an order to show cause" to ensure compliance. After a review of the record, we conclude the court abused its discretion by dismissing plaintiff's complaint with prejudice.

The court in its decision accurately noted that defendants had specifically moved under <u>Rule</u> 4:23-5 for a dismissal with prejudice. The court's decision did not address that its prior August 2, 2024 order had granted defendants' motion to dismiss without prejudice pursuant to <u>Rule</u> 4:23-2. It is unclear why defendants had moved for a dismissal with prejudice pursuant to <u>Rule</u> 4:23-5(a)(2), having not first obtained a dismissal without prejudice under subsection (a)(1). After a review of the record, we conclude the court erroneously dismissed the matter under <u>Rule</u> 4:23-5(a)(2) after finding plaintiff's attorney had "failed to provide the necessary certification." As defendants had not completed the first step of obtaining a dismissal under <u>Rule</u> 4:23-5(a)(1), plaintiff's attorney could not have failed to comply with the notice requirements.

15

We therefore reverse the court's order dismissing plaintiff's complaint with prejudice and remand this matter for further proceedings.

We next address plaintiff's argument that she demonstrated substantial compliance in responding to defendants' voluminous discovery requests and that the court failed to "identify any specific discovery failure . . . other than [her] failure to execute a certificate of completeness." In its oral decision, the court found plaintiff's attorney was deficient in "his discovery obligations" and plaintiff had "continuing . . . discovery violations." "We have held that whenever there is either a bona fide dispute over responsiveness or insufficiency of interrogatory answers, the [court] should first identify those questions which need to be answered more specifically." St. James AME Dev. Corp., 403 N.J. Super. at 486. The court failed to make specific findings as to what discovery was outstanding or incomplete. See R. 1:7-4(a) (requiring trial courts to make sufficient "find[ings] [of] facts and state [their] conclusions of law"). "[A]ppellate review can be impeded when" a trial court fails to "state its factual findings and conclusions of law on the record as required by Rule 1:7-4(a)." Lakhani v. Patel, 479 N.J. Super. 291, 297-98 (App. Div. 2024). "Naked conclusions do not satisfy the purpose of [Rule] 1:7-4." Rutgers Univ. Student Assembly (RUSA) v. Middlesex Cnty. Bd. of Elections, 438 N.J. Super. 93, 107

(App. Div. 2014) (alteration in original) (quoting <u>Curtis v. Finneran</u>, 83 N.J. 563, 570 (1980)).  We conclude the court's lack of findings regarding plaintiff's discovery deficiency also warrants vacating the dismissal with prejudice.

We note defendants argue in opposition that plaintiff only partially provided necessary documents on appeal and that the court's dismissal with prejudice was pursuant to <u>Rule</u> 4:23-2.  We are unpersuaded that plaintiff should have provided "all of the transcripts" and "related documents" from the litigation.  <u>R.</u> 2:6-1(a)(1); <u>R.</u> 2:5-3(a)(b).  Further, the record belies defendants' assertion that the court's dismissal order with prejudice was under <u>Rule</u> 4:23-2.  Defendants' notice of motion specifically referenced <u>Rule</u> 4:23-5, as did defendants' attorney's October 1, 2024 certification.  The court clearly stated during argument that defendants' motion was "to dismiss the case with prejudice in accordance with <u>Rule</u> 4:23-5."  Defendants have offered no explanation for failing to comply with <u>Rule</u> 4:23-5's two-step process.

For these reasons, the court's order dismissing the complaint with prejudice is reversed and vacated.  On remand, the court shall hold a case management conference with the attorneys and parties within thirty days.  The court shall specifically address what discovery deficiencies exist and direct plaintiff to file a certificate of completeness under <u>Rule</u> 4:18-1(c).  Further, it

17

shall determine whether sanctions or other conditions for reinstatement of plaintiff's complaint should be imposed.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division